Dear Mr. Ponder:
We are in receipt of your supplemental opinion request, in which you raise the following issue for our review:
 "May a Metropolitan Council Member for the City of Baton Rouge, Parish of East Baton Rouge be appointed by the Planning Commission as their delegate or by the Mayor-President as his representative to the Recreation and Park Commission for the Parish of East Baton Rouge pursuant to LSA-R.S. 33:4570.1"?
The Recreation and Park Commission for the Parish of East Baton Rouge is composed of three ex officio members and six appointed members for a total of nine commissioners. The law provides that the ex officio members shall be the Mayor-President, or an officer or employee of the city or parish designated by the Mayor-President from time to time; a member of the school board of East Baton Rouge Parish, designated by the school board for a term coincident with his term on the school board; and a member of the planning commission designated by the planning commission for a term coincident with his term on the planning commission. The six remaining commissioners are appointed by the metropolitan council. LSA-R.S. 33:4570.1.
In Attorney General Opinion Number 93-68, this office concluded that the incompatibility provisions of the LSA-R.S. 42:64(A)(1) prohibit the appointment of a Metropolitan Council member to the Recreation and Park Commission. Our conclusion remains the same regardless of whether the Metropolitan Council appoints a Metropolitan Council member to the commission, or whether a Metropolitan Council member is designated by the Mayor-President, or by the Planning Commission. The simultaneous holding of these offices, in the opinion of this office, invokes the incompatibility provisions of LSA-R.S.42:64, which state, in part:
 "A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution. . . ." (Emphasis added).
We adhere to our original conclusion in Attorney General Opinion Number 93-68. LSA-R.S. 42:64(A)(1) prohibits an individual from simultaneously holding the office of Metropolitan Council member and commissioner of the Recreation and Park Commission for East Baton Rouge Parish.
Any ethical questions concerning the simultaneous holding of these offices should be addressed to the State Ethics Commission. An opinion from that office would address an inquiry concerning whether the Code of Ethics prohibits such an arrangement. You may direct your inquiry for an opinion to the State Ethics Commission, 7434 Perkins Road, Suite B, Baton Rouge, LA 70808, telephone number 504-765-2308.
We hope this further interpretation of the law is helpful to you. Should you have additional questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0200E